UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VANTAGE MEZZANINE FUND II
PARTNERSHIP acting through VANTAGE
MEZZANINE FUND II (PTY) LTD

                       Petitioner,

-against-

JOHN ERIC KODWO TAYLOR

                       Respondent.

Case No: 23-cv____

**PETITION TO CONFIRM A FOREIGN ARBITRAL AWARD or in the alternative TO RECOGNIZE A FOREIGN MONEY JUDGMENT**

Petitioner, VANTAGE MEZZANINE FUND II PARTNERSHIP acting through VANTAGE MEZZANINE FUND II (PTY) LTD (the "Petitioner"), by its attorneys Zeiler Floyd Zadkovich (US) LLP, as and for its Petition to Confirm a Foreign Arbitral Award or in the alternative, to Recognize and Enforce a Foreign Money Judgment, hereby alleges as follows:

**The Parties**

1. VANTAGE MEZZANINE FUND II PARTNERSHIP acting through VANTAGE MEZZANINE FUND II (PTY) LTD is an *en commandite* partnership organized under the laws of South Africa with a registered address at 3 Melrose Boulevard, Melrose Arch, 2076, Gauteng, Johannesburg, South Africa.

2. As a South African *en commandite* partnership, the Applicant acts through its general partner who has authority to act for it. A properly constituted *en commandite* partnership must have at least one general partner, who is responsible for the management of the partnership and who contracts on its behalf, and one or more "commanditarian" (or limited) partners. The ultimate general partner for the Applicant is a South African entity called Vantage Mezzanine Fund II (Pty)

1

Ltd. However, it is the Applicant as the partnership which holds the Award and is bound by any contracts entered into by its general partner on its behalf.

3. John Eric Kodwo Taylor ("Respondent" or "Mr. Taylor") is an individual of Ghanaian and Maltese nationality.

## Jurisdiction

4. The Court has federal question jurisdiction under 28 U.S.C. §1331, as this Petition is in support of an international arbitration proceeding brought pursuant to an arbitration agreement governed by the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 21 U.S.T. 2517, T.I.A.S. No. 6997, 330 U.N.T.S. 3 (the "New York Convention"). 9 U.S.C. §201 *et seq*. Chapter 2 of the Federal Arbitration Act, implementing the New York Convention, provides that "[a]n action or proceeding falling under the Convention shall be deemed to arise under the laws and treaties of the United States." 9 U.S.C. §203.

5. This Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 with respect to recognition of the Bermudian money judgment pursuant to New York Civil Practice Law and Rules ("C.P.L.R.") Article 53 as 28 U.S.C. § 1367 provides that "in any civil action of which the district courts have original jurisdiction, the district court shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution"

6. This Court further has *quasi in rem* jurisdiction over Respondent with respect to the funds held by Bank of America N.A. and Barclays Bank (the "Garnishees") in the name of Respondent.

## First Claim for Relief: Confirmation of Foreign Arbitral Award

### The Arbitration and the New York Convention

7. Paragraphs 1 through 6 of this Petition are repeated and realleged as if set forth fully herein.

8. Pursuant to 9 U.S.C. § 207, "[w]ithin three years after an arbitral award falling under the [New York] Convention is made, any party to the arbitration may apply to any court having jurisdiction under this chapter for an order confirming the award as against any other party to the arbitration. The court shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in said Convention."

9. While the aforementioned section refers to "confirming the award," it is well established that: "Read in context with the New York Convention [...] the term 'confirm' as used in Section 207 is the equivalent of 'recognition and enforcement' as used in the [...] convention for the purpose of foreign arbitral awards [...]. A single proceeding, therefore, 'facilitate[s] the enforcement of arbitration awards by enabling parties to enforce them in third countries without first having to obtain either confirmation of such awards or leave to enforce them from a court in the country of the arbitral situs." *CBF Industria de Gusa S/A v. AMCI Holdings, Inc.*, 850 F.3d 58, 72 (2d Cir. 2017) (citations omitted). It is a single step process, and the full range of available enforcement relief can be sought via the petition. *Id.*

10. Both the United Kingdom and the United States (wherein the Petition is brought) are parties to the New York Convention.

3

**The Arbitration and the Award**

11. In 2014 and 2015, Petitioner and another co-lender (Deutsche Investitions- und Entwicklungsgesellschaft mbH, or "DEG") provided a USD 30 million loan to Surfline Communications Ltd ("Surfline"). As the chairman and controlling party of Surfline, Respondent issued a personal guarantee (the "Guarantee") to secure that loan. A true and correct copy of the Guarantee is attached to the accompanying Declaration of Luke F. Zadkovich, Esq ("Zadkovich Decl."), dated August 3, 2023, as Exhibit 1.

12. That Guarantee contained an arbitration clause, providing for arbitration of disputes before the London Court of International Arbitration ("LCIA").

13. On June 8, 2021, Petitioner filed its Notice of Arbitration pursuant to the arbitration clause in the Guarantee, thereby commencing an arbitration seated in London, United Kingdom.

14. The Arbitration has the official case number of LCIA Case 215225.

15. In the ensuing proceedings, Petitioner asserted various claims against Respondent regarding his failure to repay the commercial loan that had been extended, pursuant to the Guarantee.

16. On December 21, 2022, the Tribunal issued a partial final award (the "Award") finding for Petitioner and against Respondent in the amount of USD 59,398,766.00 plus costs and interest. A copy of the Award is annexed to the Zadkovich Decl. as Exhibit 2.

17. This proceeding seeks confirmation of the Award.

18. It should be noted that as of the filing of this Petition, the underlying arbitration remains ongoing, and a further award regarding costs is outstanding.

19. Despite the issuance of the Award and Petitioner's multi-faceted and international pursuit to obtain the monies awarded to it, Respondent has failed to satisfy any part thereof. Further details

as to the steps Petitioner has taken to obtain the monies it is entitled to pursuant to the Award are laid out at paragraphs 48-61 of the Zadkovich Decl.

20. Respondent has not brought any proceedings in the United Kingdom for the purpose of contesting the validity of the Award.

21. The time to challenge the Award under English law has expired. (Zadkovich Decl. ¶18.)

22. Moreover, the Award's quantum remains unsatisfied in its entirety by Respondent.

23. Further, the instant matter presents no grounds for refusal or deferral of recognition and enforcement (*i.e.*, confirmation) of the Award under Article V of the New York Convention. (*See* Petitioner's accompanying Memorandum of Law). Indeed, pursuant to the New York Convention, the burden of proving any such grounds is on Respondent.

24. The instant action for confirmation is also brought within the time prescribed pursuant to 9 U.S.C. § 207.

25. For all of the foregoing reasons, Petitioner is entitled to an order confirming the Award and to entry of judgment in its favor, and against Respondent, up to the amounts of monies located in the bank accounts in the name of Respondent at Bank of America N.A. and Barclays Bank but not to exceed the sum of USD 59,398,766.00 plus costs and interest.

### Second Claim for Relief: Recognition of Foreign Country Money Judgment

26. Paragraphs 1 through 6 of this Petition are repeated and realleged as if set forth fully herein.

27. In the event that this Court does not find the required grounds to grant confirmation of the Award, Petitioner, in the alternative, respectfully requests that this Court recognize the foreign money judgment issued favor of Plaintiff and against Defendants in the amount of USD 59,398,766.00 plus costs and interest pursuant to New York's Recognition of Foreign Country Money Judgments Statute (C.P.L.R. §5304) (the "Recognition Act").

28. A New York court's decision as to whether to *recognize a foreign judgment* is entirely governed by C.P.L.R. Article 53, not the New York Convention. *Ocean Warehousing B.V. Baron Metals and Alloys, Inc.*, 157 F. Supp. 2d 245, 249 (S.D.N.Y. 2001).

### The Judgment and C.P.L.R. §5303

29. On December 30, 2022, Petitioner filed a request for recognition of the Award with the Supreme Court of Bermuda. (Zadkovich Decl., ¶ 49.)

30. On March 31, 2023, the Supreme Court of Bermuda issued an order recognizing the Award in full and converting it into a judgment (the "Judgment"). (Zadkovich Decl., ¶¶ 52-57.) A copy of the Judgment is annexed to the Zadkovich Decl. as Exhibit 3.

31. New York C.P.L.R. Article 53 has codified the principles of comity as it pertains to foreign country money judgments.

32. The Recognition Act applies to a foreign-country judgment that is "final, conclusive and enforceable where rendered." C.P.L.R. §5302. As shown at ¶ 15 of Mr. Benjamin Adamson's Declaration ("Adamson Decl."), Petitioner's Bermudian counsel, the Judgment is final, conclusive, enforceable under the laws of Bermuda and entitles Petitioner to a sum of money in the amount of USD 59,398,766.00 plus costs and interest. Further, the Judgment in no way is intermediate or interlocutory pursuant to Bermudian laws. *Id.*

33. The Judgment has not been appealed and the timeline to appeal it has lapsed. *Id.* at ¶ 16.

34. C.P.L.R. 5303 provides grounds for recognition.

35. No proceedings are pending in Bermuda for the purpose of contesting the validity or appealing the Judgment. *Id.*

36. Moreover, the quantum of the Judgment remains unsatisfied by Respondent.

37. Thus, Petitioner has met its burden under C.P.L.R. §§ 5303 and 4304(c).

38. For all the foregoing reasons, Petitioner is entitled to an order recognizing the Judgment in its favor in the amount of USD 59,398,766.00 plus interest and costs.

39. WHEREFORE, Petitioner, VANTAGE MEZZANINE FUND II PARTNERSHIP acting through VANTAGE MEZZANINE FUND II (PTY) LTD, respectfully submits that this Court should:

   a. Enter an order confirming the Award in the amounts of monies located in the bank accounts in the name of Respondent at Bank of America N.A. and Barclays Bank but not to exceed the sum of USD 59,398,766.00 plus costs and interest;

   b. Enter an order recognizing the Judgment and converting it into a judgment of this Court in favor of Petitioner and against Respondent, in the amount of USD 59,398,766.00 plus costs and interest; and

   c. Grant such other and further relief as may be deemed just and equitable under the circumstances.

Dated: New York, New York  
August 3, 2023

Respectfully submitted,

**Zeiler Floyd Zadkovich (US) LLP**

Joseph Johnson  
Luke F. Zadkovich  
Edward W. Floyd  
Eva-Maria Mayer

33 E 33rd Street, Suite 905  
New York, New York 10016  
(917) 375 9511  
(917) 999 6914  
Joe.johnson@zeilerfloydzad.com  
Luke.zadkovich@zeilerfloydzad.com  
Ed.floyd@zeilerfloydzad.com  
Eva.mayer@zeilerfloydzad.com