UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **VANTAGE MEZZANINE FUND II PARTNERSHIP ACTING THROUGH VANTAGE MEZZANINE FUND II (PTY) LTD,**<br><br>*Petitioner*,<br><br>-against-<br><br>**JOHN ERIC KODWO TAYLOR,**<br><br>*Respondent*. | **23-cv-06852 (ALC)**<br><br>**OPINION & ORDER** |

**ANDREW L. CARTER, United States District Judge:**

On October 23, 2024, Petitioner Vantage Mezzanine Fund II Partnership ("Petitioner") moved this Court to Amend the Clerk's Judgment (Dkt. No. 55) entered on September 30, 2024, pursuant to Federal Rule of Civil Procedure 59(e). Dkt. No. 56 (hereinafter, the "Motion"). Respondent John Eric Kodwo Taylor did not oppose Petitioner's Motion. However, as explained in greater detail below, Rule 59(e) does not govern the type of modification Petitioner seeks; therefore, Petitioner's Motion is denied. The Court, however, *sua sponte* raises the issue of whether modification of the judgment is warranted under Federal Rule of Civil Procedure 60(a) and concludes that it is. Modification of the September 30, 2024 Judgment (the "Judgment") as outlined by Petitioner in its Motion is thus granted, pursuant to Rule 60(a).

## BACKGROUND

The Court assumes the Parties' familiarity with the factual background of this case, which is set forth more fully in the Opinion (Dkt. No. 54) granting Petitioner's supplemental petition to confirm the arbitral award. Therefore, the Court includes here only the facts relevant to the determination of this Motion.

On September 27, 2024, the Court granted Petitioner's supplemental petition to confirm the arbitral award. Dkt. No. 54. Shortly thereafter, on September 30, 2024, the Clerk of Court entered a judgment in favor of Petitioner. Dkt. No. 55. The Judgment stated that "[i]t is hereby **ORDERED, ADJUEDGED AND DECREED:** That for the reasons stated in the Court's Opinion dated September 27, 2024, Petitioner[']s supplemental motion to confirm the arbitral award is GRANTED." *Id*. (emphasis original). The Judgment neither explicitly stated the amount Petitioner was entitled to under the arbitral award, nor explicitly state that this Court had recognized judgments from foreign jurisdictions (specifically, England and Bermuda), both of which were details included in the Court's Opinion. *See* Dkt. No. 54 at 1, 8 n.1. On October 23, 2024, Petitioner moved this Court for an amendment to the Judgment. Dkt. No. 56. In short, through its Motion, Petitioner seeks a revised judgment that explicitly states both the amount it is entitled to under the arbitral award, and that the Court has recognized the English and Bermudian judgments. *Id*. Petitioner has filed a proposed amended judgment to this effect with its moving papers. *Id*., Ex. 1.

## STANDARD

Federal Rule of Civil Procedure 59(e) states that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." It is well settled in this jurisdiction that Rule 59(e) governs the alteration or amendment of a judgment that requires substantive changes to "correct a clear error of law or prevent manifest injustice." *ING Global v UPS Oasis Supply Corp.*, 757 F3d 92, 96 (2d. Cir. 2014). In general, Rule 59(e) may not be used "merely [for] the correction of a clerical error." *Id*. Therefore, "[a] court may grant a Rule 59(e) motion only when the [movant] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."

2

*Metzler Inv. GmbH v Chipotle Mexican Grill, Inc.*, 970 F3d 133, 142 (2d. Cir. 2020) (cleaned up) (alteration in original).

In contrast, Federal Rule of Civil Procedure 60(a) allows for the modification of a judgment to correct non-substantive or clerical errors. *See generally, Robert Lewis Rosen Assocs. v. Webb*, 473 F.3d 498 (2d. Cir. 2007); *see also, L.I. Head Start Child Dev. Servs. v. Econ. Opportunity Comm'n of Nassau Cty., Inc.*, 956 F. Supp. 2d 402, 410 (E.D.N.Y. 2013) ("Rule 60(a) allows a court to clarify a judgment in order to correct a failure to memorialize part of its decision, to reflect the necessary implications of the original order, to ensure that the court's purpose is fully implemented, or to permit enforcement. Rule 60(a) [thus] allows for clarification and explanation, consistent with the intent of the original judgment.") (citation and internal quotation marks omitted).

The modification of a judgment to award a petitioner compensation contemplated by a court's opinion, but not reflected in its judgment, is a classic example of when Rule 60(a) applies. Indeed, in *Webb* the Second Circuit affirmed the district court's entry of a supplemental judgment order granting the petitioner in that suit an additional sum of money pursuant to Rule 60(a). In so holding, the Second Circuit explained that the supplemental judgment, which was issued pursuant to Rule 60(a), was proper because the additional sum awarded to the petitioner was included in the district court's opinion confirming the at-issue arbitral award but omitted from its confirmatory order. 473 F.3d at 504–506. The supplemental judgment thus "provided greater detail about the award in question," but it did not supplant, "alter or amend the relief contemplated by that judgment." *Id*. at 505. In addition, Rule 60(a) also allows for a court to make corrections to a prior opinion or judgment either following a party's "motion or on its own,

3

with or without notice." Fed. R. Civ. P. 60(a). It is with this framework that the Court addresses Petitioner's Motion.

## DISCUSSION

Petitioner seeks modification of the Court's Judgment but seeks it pursuant to the wrong Federal Rule of Civil Procedure. As outlined above, motions to amend a judgment brought pursuant to Fed. R. Civ. P. 59(a) must be substantive in nature. Petitioner's Motion is the exact opposite; it asks the Court to elaborate on its prior Judgment in this matter and include in a revised judgment that: (a) Petitioner is entitled to a certain dollar amount, and (b) that the Court has recognized the judgments of certain foreign jurisdictions. Both points were already articulated by this Court in its Opinion. Furthermore, the Motion does not ask the Court to consider new evidence or new law, nor allege that modification is necessary to prevent any injustice, let alone a manifest injustice. Petitioner's claims in its Motion amount to a request that the Court "clarify a judgment in order to correct a failure to memorialize part of its decision." 956 F. Supp. 2d at 410. This is the very kind of modification that falls outside of Rule 59(e). Therefore, denial is appropriate.

However, the type of modification Petitioner seeks *is* contemplated by Rule 60(a). Because modifications pursuant to Rule 60(a) may be raised in the first instance by a court, the Court finds that an exercise of its discretion to do so here is warranted. Furthermore, the Court holds that modification of the Judgment is appropriate pursuant to Rule 60(a). Here, as in *Weber*, Petitioner seeks solely for the Court to include in a revised judgement language from its holdings in this matter that can already be found in its Opinion. Petitioner thus merely seeks a revised judgement with "greater detail," not a new or different award. *Webb*, 473 F.3d at 505. This kind of modification falls squarely within Rule 60(a). Therefore, modification of the judgement pursuant to Fed. R. Civ. P. 60(a) is granted.

4

## CONCLUSION

For the reasons stated above, the Motion is **DENIED**. Modification of the Judgment pursuant to Rule 60(a) is raised *sua sponte* and hereby **GRANTED**. The Clerk of the Court is respectfully directed to re-enter the Judgment in this case using the proposed judgment filed by Petitioner at Dkt. No. 56, Ex. 1. The Judgment shall be effective *nunc pro tunc* such that all actions taken with respect to the original Judgment shall have the same force as if taken with respect to the Judgment as amended. The Clerk of Court is further respectfully directed to terminate the pending motion at Dkt. No. 56.

**SO ORDERED.**

**Dated:** **July 1, 2025**
**New York, New York**

_____
**ANDREW L. CARTER, JR.**
**United States District Judge**